KANE & SILVERMAN, P.C.　　　　　　　　　　　　　　　Attorneys for Plaintiff
By:  Howard G. Silverman, Esq
Attorney ID No.  48319
By: Michael J. Cadigan, Jr. Esq.
Attorney ID No.  329891
2401 Pennsylvania Avenue
Suite 1-A-5
Philadelphia, PA 19130　　　　　　　　　　　　　THIS IS A MAJOR JURY MATTER
(215) 232-1000

*Filed and Attested by the Office of Judicial Records 04 DEC 2023 10:45 am S. RICE*

| ERIC TEASLEY | COURT OF COMMON PLEAS OF |
| Plaintiff | PHILADELPHIA COUNTY, PENNSYLVANIA |
| v. | |
| GREEN MTN. CONCERT SERVICES, INC.; *and* | DECEMBER TERM, 2023 |
| RED HAWK PROTECTION SOLUTIONS, LLC *and* | |
| JOHN DOES (1-10); *and* | NO.: |
| XYZ CORPS (1-10) | |
| Defendants | |

## NOTICE TO DEFEND

　　　　You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your Defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.  **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.**

AVISO

　　　　Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demand.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.  **LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

PHILADELPHIA COUNTY BAR ASSOCIATION
1101 Market Street
11th Floor
Philadelphia, PA    19107-2911
(215)238-6300

Case ID: 231200224

KANE & SILVERMAN, P.C.            *Attorneys for Plaintiff*
By:  Howard G. Silverman, Esq
Attorney ID No.  48319
By: Michael J. Cadigan, Jr. Esq.
Attorney ID No.  329891
2401 Pennsylvania Avenue
Suite 1-A-5
Philadelphia, PA 19130            THIS IS A MAJOR JURY MATTER
(215) 232-1000

| | |
|---|---|
| ERIC TEASLEY <br>            Plaintiff <br> <br> v. <br> <br> GREEN MTN. CONCERT SERVICES, INC.; <br> *and* <br> RED HAWK PROTECTION SOLUTIONS, LLC <br> *and* <br> JOHN DOES (1-10); <br> *and* <br> XYZ CORPS (1-10) <br>            Defendants | COURT OF COMMON PLEAS OF <br> PHILADELPHIA COUNTY, PENNSYLVANIA <br> <br> <br> DECEMBER TERM, 2023 <br> <br> <br> <br> NO.: |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Eric Teasley, residing at 341 N. Connecticut Avenue, Atlantic City, New Jersey 08401, by way of Complaint against each of the above-captioned defendants, individually and collectively, alleges and states as follows:

1. Plaintiff Eric Teasley is an adult individual residing at 341 N. Connecticut Avenue, Atlantic City, New Jersey 08401.

2. Defendant, Green Mtn. Concert Services, Inc., ("Green Mtn.") is and was at all relevant times, a corporation, partnership, fictitious name, and/or business entity duly organized, existing and/or incorporated under the laws of the State of Vermont, with its principal place of business located at 25 Wentworth Drive, Williston, Vermont 05495.

3. At all relevant times, Defendant Green Mtn., was acting by and through its employees, servants, actual/apparent and/or ostensible agents and/or chosen actors, acting within the course and scope of their employment, service and/or agency and providing security for the event at the premises.

4. Defendant, Red Hawk Protections Solutions, LLC., ("Red Hawk") is and was at all relevant times, a corporation, partnership, fictitious name, and/or business entity duly organized, existing and/or incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 325-41 Chestnut Street, Philadelphia, Pennsylvania 19106.

5. At all relevant times, Defendant Red Hawk, was acting by and through its employees, servants, actual/apparent and/or ostensible agents and/or chosen actors, acting within the course and scope of their employment, service and/or agency and providing security for the event at the premises.

6. XYZ Corp (1-10) is a fictitious designation for individuals, business entities, agents, servants, and/or assigns whose interactions with Plaintiff breached the applicable standards of care, constituted intentional wrongdoing and/or in some other way proximately caused Plaintiff, Eric Teasley, damages.

7. John Does (1-10) is a fictitious designation for individuals, business entities, agents, servants, and/or assigns whose interactions with Plaintiff breached the applicable standards of care, constituted intentional wrongdoing and/or in some other way proximately caused Plaintiff, Eric Teasley, damages

8. On or about November 24, 2022, at approximately 1:30 a.m., Plaintiff was a patron and lawful business invitee at Harrah's Resort Atlantic City, more specifically, "The Pool After Dark", located at 777 Harrah's Boulevard, Atlantic City, New Jersey 08401 (the "premises")

9. Shortly before the aforementioned time and place, a physical altercation had occurred amongst a group of individuals, which required security services to intervene to restore order.

10. Following said altercation, the individuals involved were permitted to remain on the premises by the event's security personnel.

11. Plaintiff was in no way involved in this initial altercation.

12. A short time thereafter, a second physical altercation occurred, at or about the aforementioned time and place, in which Plaintiff, Eric Teasley, became subject to physical assault by way of punches, kicks, thrown glasses, and knife thrusts.

13. Said second altercation involved the same individuals as the first altercation.

14. Following said altercation, Plaintiff, Eric Teasley, with the assistance of acquaintances, fled to the valet section of the premises and place his left arm, which was bleeding profusely from a knife wound, in a tourniquet and nursed his numerous other injuries.

15. At all relevant times, defendants had a duty to provide for and maintain order and public safety at the premises.

16. At all times material hereto, following the first altercation with the individuals, Defendants' knew or should have known that they had disrupted order and public safety and allowing them to remain posed an unreasonable risk of injury to invitees, guests, licensees and/or members of the public, including the Plaintiff, Eric Teasley.

17. At all relevant times, Defendants had actual and/or constructive notice of the disruption of order and public safety, or in the exercise of ordinary care should have had such notice in sufficient time to have taken appropriate, necessary, and remedial action to prevent injuries to patrons, including Plaintiff, Eric Teasley.

18. Notwithstanding said notice, Defendants negligently failed and neglected to adequately maintain, control, correct and/or take adequate, or any, protective measures to prevent injuries to patrons, including Plaintiff, Eric Teasley.

19. Defendants' negligence and carelessness were the proximate, actual, factual and legal cause of Plaintiff's injuries and damages.

20. At all times material hereto, Plaintiff acted in a reasonable and prudent manner.

21. At all times material hereto, Plaintiff was not negligent.

22. As a direct and proximate result of Defendants' negligence, Plaintiff suffered, *inter alia*, the following:

   a. Mandibular fracture displacement; mandibular fracture closed reduction, chin laceration; broken and/or chipped teeth, left upper quadrant stab wound, left arm stab/slash wound, and permanent neurologic damage to his left arm, psychological and emotional damage, as well as other serious and permanent injuries, some of which, or all of which, have not healed to function normally, or may never heal to function normally with further medical treatment;

   b. Past and future medical expenses;

   c. Past and future lost earnings and lost earning capacity;

   d. Past and future pain and suffering;

   e. Past and future embarrassment and humiliation;

   f. Past and future ability to enjoy life's pleasures;

   g. Disfigurement;

   h. Emotional distress;

   i. Incidental costs; and

   j. Out of pocket medical expenses.

23. As a further result of this incident, Plaintiff has been obligated to receive and undergo necessary medical attention, *inter alia*:

   a. Transport by EMS to the Emergency room at AtlantiCare Regional Medical Center;

   b. X-rays at AtlantiCare Regional Medical Center;

   c. CT scans at AtlantiCare Regional Medical Center;

   d. MRIs at AtlantiCare Regional Medical Center;

   e. Mandibular fracture closed reduction surgery at AtlantiCare Medical Center;

   f. Prescriptions for pain medications;

   g. Home exercise and/or physical therapy regimens;

   h. Other necessary past and future medical treatment

24. As a further result of Defendants' negligence, Plaintiff suffered severe and permanent personal injuries which have caused and in future may cause pain and mental anguish as well as physical limitations that have or may adversely impact his life and ability to function as he had before the incident.

25. Plaintiff was required and may in the future be required to undergo medical care and treatment for his injuries which have and may in the future cause him to suffer financial losses including loss of earnings or earning capacity.

26. Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff.

## COUNT I - NEGLIGENCE

**ERIC TEASLEY v. GREEN MTN. CONCERT SERVICES, INC.; RED HAWK PROTECTION SOLUTIONS, LLC; XYZ CORPS (1-10); and JOHN DOES (1-10)**

27. Plaintiff incorporates by reference the allegations contained in all previous paragraphs as if fully set forth at length.

28. The negligence and carelessness of Defendants, acting individually, and/or collectively, by and through their duly authorized employees, servants, agents, and/or chosen actors, in the care, custody and/or control of the aforementioned premises consisted of the following:

   a. Failing to keep the premises free and clear from known dangerous individuals, who had previously been involved in a physical altercation on the premises;

   b. Failing to properly and adequately maintain said premises in a safe and reasonable condition to ensure the safety of persons lawfully on the premises;

   c. Failing to remove said individuals, whom posed an unreasonable risk to the health and safety of patrons, including Plaintiff, Eric Teasley, from the premises;

   d. Failing to take reasonable precautions against dangerous, hazardous and unsafe individuals on said premises;

  e. Failing to properly and adequately check patrons for weapons before entry to the premises;

  f. Hiring incompetent employees, servants, agents and/or chosen actors;

  g. Failure to implement or adopt policies, procedures and/or protocols to train employees to remove dangerous individuals from the premises following physical altercations.

  h. Failure to implement or adopt policies, procedures and/or protocols to check entrants onto the premises for weapons;

  i. Having inadequate policies, procedures and/or protocols, which failed to ensure those entering onto the premises were checked for weapons prior to entry;

  j. Having inadequate policies, procedures and/or protocols, which failed to ensure the prompt removal of individuals whom pose an unreasonable risk of injury to invitees, licensees, guests and/or the public at large, including the Plaintiff.

  k. Disregarding the rights and safety of invitees, licensees, and gests and/or the pubic at large, Including the Plaintiff.

  l. Failing to use the ordinary care which the invitees, licensees, guests and/or the public at large, including the Plaintiff, have the right to expect of commercial property owners;

  m. Failing to adhere to, follow, and/or execute the terms of Defendants' various respective contracts(s) for service to ensure a safe premises for persons lawfully on said premises;

  n. Violating the terms, responsibilities and/or duties under the controlling lease(s), third-party agreement(s) and/or contracts to ensure a safe premises for persons lawfully on said premises;

  o. Being otherwise negligent in law and fact; and

  p. Such other and further acts of negligence and carelessness as will be developed by future discovery in this case.

29. As a direct and proximate result of Defendants' negligence, Plaintiff suffered, *inter alia*, mandibular fracture displacement; mandibular fracture closed reduction, chin laceration; broken and/or chipped teeth, left upper quadrant stab wound, left arm stab/slash wound, and permanent neurologic damage to his left arm, psychological and emotional damage, as well as other serious and permanent injuries, some of which, or all of which, have not healed to function normally, or may never heal to function normally

with further medical treatment.

30. As a direct and proximate result of Defendants' negligence, Plaintiff has required and/or will require extensive medical treatment, all of which may continue indefinitely into the future, and includes treatment for physical and psychological/emotional damage caused by this incident, all to his personal and financial detriment.

31. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered and/or may suffer a severe loss of earnings and/or impairment of his earning capacity, all of which may continue indefinitely into the future.

32. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered severe physical pain and suffering, and mental and emotional upset, anguish, embarrassment, and humiliation, and may continue to suffer the same indefinitely into the future.

33. As a direct and proximate result of Defendants' negligence, Plaintiff suffered diminution in his ability to enjoy life and life's pleasures and may continue to suffer the same indefinitely into the future.

34. At all times material hereto, the negligence of the Defendants, individually and/or collectively, acting and/or failing to act by and/or through their duly authorized employees, servants, agents, and/or chosen actors, as set forth herein, was the proximate and sole cause of the injuries and damages to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and/or severally, for all recoverable damages, together with any and all award this Honorable Court deems proper.

Respectfully submitted,

**KANE & SILVERMAN, PC.**

By: *Howard G. Silverman /s/*
    Howard G. Silverman, Esq.
    Attorney for Plaintiff(s)

Date:  12/04/2023

## VERIFICATION

ERIC TEASLEY states that he is the Plaintiff in the above action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief. He understands that the statements therein are made subject to the penalties of 18 PA. C.S., Section 4904, relating to unsworn falsification to authorities.

Dated: 11/13/2023

DocuSigned by:
_____
ERIC TEASLEY

Case ID: 231200224



Randall M. Justice, Esq.
Member of PA & MD Bar

O  717-397-3200
F  717-397-3724
E  Randall@HaggertyLaw.com

April 4, 2024

**SENT VIA FIRST CLASS MAIL**

Red Hawk Protections Solutions, LLC
100 N. 18th Street, Suite 300
Philadelphia, PA 19103

Green Mtn. Concert Services, Inc.
25 Wentworth Drive
Williston, VT 05495

    **RE:**   **Eric Teasley v. Red Hawk Protections Solutions, LLC, et al.**
           **CCP Philadelphia County, December 2023 Term, No. 00224**
           **Our File No.: 208865**

Dear Sir or Madam,

    Enclosed please find the Court-issued Case Management Order, scheduling case deadlines in this case. You are hereby served pursuant to the Pennsylvania Rules of Civil Procedure.

    You should forward these papers to your liability insurance carrier so that they can forward to counsel on your behalf.

Very truly yours,
**Haggerty Silverman & Justice P.C.**

Randall M. Justice, Esquire

Enclosure
RMJ:tlm

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *TEASLEY*<br>*VS*<br>*GREEN MTN. CONCERT SERVICES, INC.*<br>*ETAL* | *December Term 2023*<br>*No. 00224* |

*CASE MANAGEMENT ORDER*
*STANDARD TRACK*

DOCKETED
TRIAL DIVISION - CIVIL
04-APR-2024
**A. GIAMPAOLO**

AND NOW, *Thursday, April 04, 2024,* it is Ordered that:

1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All *discovery* on the above matter shall be completed not later than *03-MAR-2025.*

3. *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *03-MAR-2025.*

4. *Defendant and any additional defendants* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial not later than *07-APR-2025.*

5. All *pre-trial motions* shall be filed not later than *07-APR-2025.*

6. A *settlement conference* may be scheduled at any time after *07-APR-2025.* Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a). A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b). A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c). Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7. A *pre-trial conference* will be scheduled any time after *02-JUN-2025.* Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

| | | |
|---|---|---|
| | (a). | A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; |
| | (b). | A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; |
| | (c). | A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; |
| | (d). | Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and |
| | (e). | Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; |
| | (f). | Each counsel shall provide an estimate of the anticipated length of trial. |

8. ***It is expected that the case will be ready for trial 07-JUL-2025,*** and counsel should anticipate trial to begin expeditiously thereafter.

9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

*GWENDOLYN BRIGHT, J.*
*TEAM LEADER*

ADG39684(REV 11/04)